SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
BRAD LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Plaintiff,
HARBOR FREIGHT TOOLS USA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARBOR FREIGHT TOOLS USA, INC.<br><br>Plaintiff,<br><br>v.<br><br>CARLSON LYNCH SWEET and KILPELA LLP; KAMBERLAW, LLC; BENJAMIN J. SWEET; R. BRUCE CARLSON; and SCOTT A. KAMBER<br><br>Defendants. | Case No. 16-cv-1438<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT

**COMES NOW** Harbor Freight Tools USA, Inc. ("Harbor Freight"), Plaintiff herein, and does bring this claim seeking the declaratory judgment of this Court pursuant to 28 U.S.C. § 2201 against Defendants Carlson Lynch Sweet & Kilpela LLP; Kamber Law, LLC; Benjamin J. Sweet; R. Bruce Carlson; and Scott A. Kamber, (collectively, "Defendants"), and in support thereof does allege and state as follows, to wit:

**Jurisdiction and Venue**

1. Harbor Freight is a Delaware Corporation having its principal place of business in Calabasas, California. Harbor Freight's National headquarters are located in Calabasas, California, and all corporate officers are located there. All of Harbor Freight's website development and implementation occurs in Calabasas, California.

2. Defendant Carlson Lynch Sweet & Kilpela, LLP is a Pennsylvania Limited Liability Partnership.

3. Defendant Kamber Law, LLC is a New York Professional Service Limited Liability Company.

4. Upon information and belief, Defendant Benjamin J. Sweet is a resident of Pennsylvania.

5. Upon information and belief, Defendant R. Bruce Carlson is a resident of Pennsylvania.

6. Upon information and belief, Defendant Scott A. Kamber is a resident of New York.

7. This Court has federal question jurisdiction over the subject matter of this action, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, and supplemental jurisdiction over the related State law claims stated herein.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this lawsuit arises in relation to a website operated by Harbor Freight out of its principal place of business in Calabasas, California, as a result of which the decisions and events giving rise to the claim at issue herein occurred within this judicial district.

**Facts**

9. Harbor Freight owns and operates the website www.HarborFreight.com.

10. On or about November 10, 2015, Defendants sent a letter to Harbor Freight claiming that Defendants represented one or more disabled clients who use the Internet to facilitate their access to goods and services but that those clients were unable to do so on the www.HarborFreight.com website (the "Website") and affirmatively asserting that such alleged lack of access constituted a violation of the Americans with Disabilities Act ("ADA"). A copy of that letter is attached as Exhibit 1.

11. Defendants' letter did not disclose the identity of the clients they claim to represent, the disability of the clients they claimed to represent, the date of the clients' attempts to access Harbor Freight's website, and the specific obstacles they encountered when accessing Harbor Freight's website.

12. Despite this lack of any specific claim by any identifiable Plaintiff with any cognizable disability, Defendants' letter threatened the filing of a lawsuit against Harbor Freight but advised that, in lieu of doing so, Harbor Freight could avoid the filing of the lawsuit by entering into a "Settlement Agreement", a draft copy of which was provided as an attachment to the letter, wherein Harbor Freight could agree to pay Defendants an attorney fee to be determined and to comply with various other requirements related to the modification of its Website, and subject all future modifications of the website to approval by Defendants.

13. Although Defendants' letter disclosed that the standard for website accessibility with which Defendants indicated Harbor Freight had failed to comply was currently subject to an extended public comment period through the Department of Justice, Defendants' letter misleadingly suggested that said standard was, in fact, a uniformly enforced federal standard with which Harbor Freight was required to, but had failed to, comply.

14. In footnote 9 of Defendants letter Defendants demand that Harbor Freight retain all Electronically Stored Information related to the Website. However, Defendants have refused to advise Harbor Freight as to which portions,

code, text, images, of the Website allegedly violated the ADA or what aspects the Website denied the unnamed Plaintiffs access to the Website.  Defendants' letter claims that the claimants that Defendants represent include "*blindness and low vision, deafness and hearing loss, learning disabilities, cognitive limitations, mobility impairments, speech disabilities, photosensitivity and combinations of these.*"  The Website is complex and multi-layered and, in light of the lack of specificity and Defendants' reliance on an unimplemented standard, Plaintiff does not know what information it is allegedly obligated to preserve as a result of Defendants' demand.

15.   Plaintiff believes that Defendants have sent identical letters to dozens of retailers, including but not limited to Adidas, Patagonia, Toys R Us, Fry's, Aeropostale, Footlocker, Huntington National Bank, Hard Rock Café, The Pep Boys, and VF Corp.

16.   Harbor Freight, on its own and then later through counsel, asked Defendants to disclose the identity of those individuals Defendants they claimed to represent as clients.  Harbor Freight also asked Defendants to identify the specific accommodations that each claimant required.  Plaintiff advised Defendants that the standing and scope of their claim was dependent on the disability of the claimant. Plaintiff asked Defendants if their claimants needed "spoken text? large font? low contrast? high contrast? etc.".  Plaintiff asked Defendants to identify any transactions that their claimants were unable to complete on www.HarborFreight.com.  (See Exhibit 2,  Hurley email to Bruce Carlson).

17.   Defendants have continued to refuse to disclose the names of their claimants, their disabilities or limitations, or to identify any barriers claimants encountered on the Website or any transactions that claimants could not complete, prior to filing a lawsuit against Plaintiff.

18.   Despite Defendants' suggestion that Harbor Freight is legally obligated to comply with the standard described in their letter for website accessibility, the

Ninth Circuit has not determined under what circumstances a private entity's website must comply with Title III of the ADA, or what constitutes compliance with the ADA for a website. To the extent that the ADA applies to the Website, Harbor Freight believes that the Website is accessible and useable by individuals with disabilities.

19. In fact, there are currently no legally binding technical standards that define what is required for a private entity's website to be accessible in accordance with Title III of the ADA.

20. In light of the absence of such a defined standard, Harbor Freight cannot be held liable for a violation of the ADA as such would constitute the exercise of judicial force against it under circumstances where Harbor Freight was unable to determine what obligations were required of it by that Act, or what, if any, records it is obligated to preserve.

21. Defendants' letter, in suggesting that such a defined standard exists and that Harbor Freight is required by law to comply with it, suggested as true that which was not and suppressed that which was true despite Defendants' knowledge of the truth, in order to mislead Harbor Freight to its prejudice by entering into an agreement to pay Defendants money as an attorney fee and to promise compliance with a standard with which it is legally unclear Harbor Freight is obligated to comply.

22. It further appears that Defendants, in light of their refusal to disclose the identity of any individual who retained them to pursue a claim against Harbor Freight prior to their making of a demand for payment of money and other remedies to Harbor Freight, may have made such demand fraudulently and without having actually been previously retained by any client to do so, for the purpose of improperly obtaining financial gain from Harbor Freight under the guise of pursuing a legal remedy on behalf of an actual client.

23. An actual and justiciable controversy now exists between Harbor Freight and the Defendants as to the applicability and requirements of the Americans with Disabilities Act to the Website, and Harbor Freight's obligations to preserve documents and records in response to those claims, by reason of which the declaration of this Court adjudicating the respective rights of the parties to this lawsuit is sought herein.

## First Cause of Action for Declaratory Relief

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though set forth fully herein.

25. Plaintiff seeks the declaration of this Court as to what, if any, legal standard governs its obligations to comply with the ADA in the operation of its website, insofar as such has not been legally determined within this circuit.

26. Plaintiff further seeks the declaration of this Court as to whether it can be held liable for having failed to comply with that legal standard, if any such legal standard is determined to exist and be binding upon Plaintiff, consistent with the requirements of substantive due process of law in light of the previous failure within this Circuit of any such legal standard to have been clearly defined so as to put Plaintiff on proper notice of the same.

27. Plaintiff seeks a declaration as to what its obligations are to preserve records and documents based on Defendants' demands.

## Second Cause of Action for Violations of the California Unfair Business Practices Act

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though set forth fully herein.

29. Defendants' letter, in deceptively suggesting as a fact the existence and applicability to Plaintiff of a legal standard which, in fact, does not exist, was

misleading to such an extent as to constitute either an actual or, in that alternative, a constructive fraud under California law.

30. Moreover, Defendants' refusal to identify a client in demanding a settlement for their own financial gain through the inclusion of an attorney fee suggests that they have sought to obtain money from Plaintiff under the guise of acting as attorneys representing a client who has retained them to pursue a legal claim under circumstances where such may not have been the case, in which event Defendants have likewise committed fraud as defined by the laws of the state of California.

31. Plaintiff has, in reliance upon the representations of Defendants, incurred expense to its detriment as a result of those representations.

32. Defendants, in sending their demands to California businesses, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, *et seq.,* of the Business and Professions Code.

33. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

34. The conduct previously alleged violated the Unfair Business Practices Act, including §17200 of the Business & Professions Code.

35. Pursuant to the remedies, procedures, and rights set forth in Business and Professions Code § 17200 , et. seq. , Plaintiff prays for judgment as set forth below.

### Prayer For Relief

Wherefore, Plaintiff prays this court award damages and provide relief as follows:

Plaintiff does respectfully pray that this honorable Court grant judgment for it and against the Defendants declaring the rights and obligations of the parties hereto, and specifically determining:

1) whether, under Title III of the Americans with Disabilities Act, Plaintiff's Website is considered a place of public accommodation or otherwise falls within the purview of the Americans with Disabilities Act, and if so, the circumstances under which compliance may be required and the technical standards to which this Website must conform to satisfy the requirements of the Americans with Disabilities Act; and

2) that the imposition of legal liability upon Plaintiff for any alleged failure of its website to comply with the Americans with Disabilities Act, where there exist no clearly defined, legally binding technical standards which provide fair notice of what is required by the ADA for website compliance, would constitute a deprivation of Plaintiff's substantive due process rights; and further finding that Defendants are guilty of actual, or in the alternative, constructive fraud by their conduct, and awarding to Plaintiff actual and, if appropriate, punitive damages against Defendants by reason thereof.

3) Restitution to restore to Plaintiff any money that Defendants obtained by means of violations of unfair competition under Bus. & Prof. Code, §§ 17200, et. seq., including profits unfairly obtained.

4) An award of compensatory damages according to proof;

5) An award of punitive and exemplary damages according to proof; and

6) Attorneys' fees, including fees as a private attorney general pursuant to Code of Civil Procedure section 1021.5.

1  Dated: March 1, 2016

2                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4               By       /s/ Gregory F. Hurley
5                       GREGORY F. HURLEY

6                      Attorneys for Plaintiff,
              HARBOR FREIGHT TOOLS USA, INC.

SMRH:475583378.3

-9-

COMPLAINT FOR DECLARATORY JUDGMENT