**VALLE MAKOFF LLP**
JEFFREY B. VALLE (State Bar No. 110060)
  jvalle@vallemakoff.com
JENNIFER LASER (State Bar No. 192700)
  jlaser@vallemakoff.com
11911 San Vicente Blvd., Suite 324
Los Angeles, California 90049
Telephone: (310) 476-0300
Facsimile:  (310) 476-0333

Attorneys for Defendants
Carlson Lynch Sweet and Kilpela LLP, and, Kamberlaw LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARBOR FREIGHT TOOLS USA, INC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CARLSON LYNCH SWEET and KILPELA LLP; KAMBERLAW, LLC; BENJAMIN J. SWEET; R. BRUCE CARLSON;  and SCOTT A. KAMBER<br><br>　　　　　　Defendants. | Case No. 16-cv-1438-MRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARLSON LYNCH SWEET AND KILPELA LLP AND  KAMBERLAW, LLC'S MOTION TO DISMISS THE DECLARATORY RELIEF CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. CIV. PROC. RULE 12(b)(1)**<br><br>[Motion under Rule 12(b)(1), and Declaration of Jeffrey B. Valle, Esq. in Support thereof are Filed Concurrently Herewith]<br><br>Hearing Date:　May 4, 2016<br>Time:　　　　　9:30 a.m.<br>Courtroom:　　550<br><br>Complaint Filed: March 1, 2016 |

## I. INTRODUCTION

Plaintiff Harbor Freight Tools USA ("Harbor Freight") filed this deeply misguided action against two law firms (the "Law Firm Defendants"), and several individual attorneys from those firms, in retaliation for a demand letter that they had sent to Harbor Freight on behalf of several disabled clients, alleging violations of the Americans with Disabilities Act ("ADA") by Harbor Freight (the "Demand Letter"). To chill this effort to increase the accessibility of Harbor Freight's website to blind persons, Harbor Freight sued the Law Firm Defendants and their individual attorneys, seeking a judicial declaration concerning Harbor Freight's obligations to remedy with the ADA violations alleged in the Demand Letter. This lawsuit (filed by Greg Hurley of Sheppard Mullin) is frivolous and shameful – a transparent attempt to intimidate attorneys from vigorously representing their clients.

Because the Law Firm Defendants are not members of the protected class under the ADA and are not making any claims under the ADA, there is no "adverse legal interests" between Harbor Freight and the Law Firm Defendants. *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635-36 (9th Cir. 2014). Accordingly, Harbor Freight's declaratory relief claim against the Law Firm Defendants does not present "a justiciable case or controversy" (*id.*), and Defendants respectfully request that the Court dismiss it for lack of subject matter jurisdiction. FED. CIV. PROC. RULE 12(b)(1).

## II. FACTUAL BACKGROUND

The defendants are Bruce Carlson, Benjamin J. Sweet and the law firm Carlson Lynch Sweet and Kilpela LLP, and Scott A. Kamber and the law firm Kamberlaw LLC. (Complaint at 1-2). On November 10, 2015, these defendants sent the Demand Letter to Harbor Freight alleging that Harbor Freight's website did not comply with the general accessibility mandate of the ADA, requesting remedial action and proposing an out-of-court resolution to the accessibility claims described in the Demand Letter. (Complaint ¶ 10 and Exhibit 1 (Demand Letter).

In response to the Demand Letter, Harbor Freight filed this meritless action against the Law Firm Defendants and the individual attorneys, which contains a cause of action for

Declaratory Relief under the ADA (even those the defendants are not disabled persons and have not asserted any ADA claims against Harbor Freight) and a state law claim under the UCLA for sending an allegedly misleading Demand Letter.  Lest there be any doubt about the purpose of this action, counsel for Harbor Freight (Greg Hurley of Sheppard Mullin) forwarded a copy of the Complaint to one of the defendant attorneys stating:  "Before we proceed with prosecuting this action I wanted to see if you were interested in a settlement of the claims stated on your [demand] letter to Harbor."  In order words, Mr. Hurley offered to dismiss this meritless action against the defendants in exchange for a settlement of their clients' ADA claims against Harbor Freight, presumably on terms favorable to Harbor Freight.

The defendants did not respond to Mr. Hurley's inappropriate offer.

On March 16, 2015, their clients – two blind individuals and a human rights organization called Access Now that advocates on behalf of the blind – filed an ADA action against Harbor Freight, alleging the accessibility violations previously described in the Demand Letter. (*Michelle Sipe et al. v. Harbor Freight Tools USA, Inc.*, Case No. 2:05-mc-02025).

On Tuesday, March 22, Jeffrey Valle, counsel for the Law Firm Defendants, sent a meet and confer letter to Greg Hurley, opposing counsel, seeking to meet and confer about this Motion and also the separate motion to dismiss the Law Firm Defendants intended to file.  Attached to the letter was a draft of the legal brief in support of each motion, which included the arguments and legal authorities in support of the motions.  Mr. Hurley responded by email that day, claiming, inexplicably, that the letter did not cite any legal authority.  Mr. Valle emailed Mr. Hurley back within ten minutes, explaining that the letter the two draft motions with substantial authority and explaining that he would call Mr. Hurley in the morning to discuss.  Mr. Valle left a message for Mr. Hurley the next morning, which he did not return.  Mr. Valle left another message the following day and again Mr. Hurley did not return the message and has not, as of the filing of this motion, responded to the Law Firm Defendants' efforts to meet and confer.  (Valle Decl. ¶¶ 2-4 & Exhibits A and B).

### III. ALL OF HARBOR FREIGHT'S CLAIMS IN THIS ACTION ARE LEGALLY INVALID

The Complaint in this action is remarkable in one important respect: all of its claims and requests for relief are invalid, as a matter of law.  With this Motion, the Law Firm Defendants are seeking the dismissal of the first cause of action for Declaratory Relief for lack of subject matter jurisdiction because there is no justiciable controversy between them and Harbor Freight under the ADA.  *Shell*, 771 F.3d at 635-36; FED. CIV. PROC. RULE 12(b)(1).  Concurrently herewith, the Law Firm Defendants are filing an anti-SLAPP Motion to strike the second cause of action for violation of the California UCL because that claim is barred by the litigation privilege. (*Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 911 (2004); CAL. CIV. PROC. CODE § 425.16).[1]

In addition to these two legally invalid causes of action, the Complaint also contains three invalid requests for relief: compensatory damages, punitive damages and attorney's fees.  Neither the Declaratory Relief claim nor the California UCL claim allow for an award of compensatory damages or punitive damages.  Thus, Harbor Freight's request for these forms of damages is invalid on its face. .  Harbor Freight's statement that $25 million is at issue, set forth on the Civil Cover Sheet, is also wholly without basis and frankly wholly inexplicable.  Equally invalid is its request for an award of attorney's fees "as a private attorney general pursuant to California Code of Civil Procedure section 1021.5" since Harbor Freight is only seeking to adjudicate its own obligations to comply with the ADA with respect to its own corporate website.  However, to avoid burdening the Court with multiple motions and given that the Court granting of the Law Firm Defendants' Motion to Dismiss the Declaratory Relief claim and the Motion to Strike the UCL claim would automatically preclude Harbor Freights' invalid requests for relief, the Law

---

[1] Defendants are not seeking to strike the Declaratory Relief cause of action under California SLAPP statute because that statute does not apply to federal claims brought in federal court.  However, because of the lack of "adverse legal interests" between Harbor Freight and the Attorney Defendants under the ADA, this claim does not present a justiciable case and controversy, and is subject to dismissal under Rule 12(b)(1).

1  Firm Defendants will not be filing a separate motion to strike Harbor Freight's invalid requests
2  for compensatory damages, punitive damages and attorney's fees.

3  **IV.  THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER ADA**
4  **DOES NOT PRESENT A JUDCIABLE CONTROVESY BETWEEN THE LAW**
5  **FIRM DEFENDANTS AND HARBOR FREIGHT, AND MUST BE DISMISSED**

6  It is well established that a federal court may only grant declaratory relief in
7  "controversies that are such in the constitutional sense." *Aetna Life Ins. co. of Hartford, Conn. V.*
8  *Haworth*, 300 U.S. 227, 240 (1937).  To determine whether a declaratory judgment claim presents
9  a "justiciable controversy," this Court must consider "whether the facts alleged, under all the
10 circumstances, show that there is a substantial controversy, between *parties having adverse legal*
11 *interests*, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."
12 *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Shell*, 771 F. 3d at 635 (emphasis
13 added).  To determine whether the parties to a declaratory relief claim have "adverse legal
14 interests," this Court must look to the law underlying the request for a declaratory relief.  *Shell*,
15 771 F.3d at 636; *Collin County, Texax v. Homeowners Assoc. for Values Essential to*
16 *Neighborhoods,* 915 F.2d 167, 170-71 (5th Cir. 1990).  In particular, the Court must "examine
17 both the persons who can assert rights under that law and those who have obligations under it."
18 *Shell*, 771 F.3d at 636; *Collin*, 915 F.2d at 171 (since the declaratory judgment action actually
19 litigates the underlying cause of action, the court must examine whether the parties to the
20 declaratory judgment action would have been "proper part[ies]" to the underlying action).

21 Here, the law underlying Harbor Freight's request for declaratory relief is the ADA.
22 (Complaint ¶¶ 25-27).  Only a disabled person who is a member of the protected class or an
23 association whose members belong to the protected class under the ADA, 42 U.S.C. § 12102(2),
24 and the regulations implementing the ADA, can bring a discrimination claim under Title III of the
25 ADA.  *Goddarad v. Harkins Amusement Enters, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).  In this
26 case, Michelle Sipe and David New, who are legally blind, and the human rights organization,
27 Access Now of whom Mr. New is the President, are the plaintiffs who brought the ADA action
28

against Harbor Freight seeking injunctive relief and other remedies.  (*Michelle Sipe et al. v. Harbor Freight Tools USA, Inc.*, Case No. 2:05-mc-02025).  The Law Firm Defendants, who sent the Demand Letter on behalf of these disabled plaintiffs and who subsequently filed this ADA action against Harbor Freight on behalf of these plaintiffs, are not members of the protected class under the ADA and are not asserting any ADA claims against Harbor Freight.

Accordingly, there are no "adverse legal interests" between Harbor Freight and the Law Firm Defendants, and the Declaratory Relief Claim under the ADA does not present a judiciable controversy against the Law Firm Defendants.  *Shell*, 771 F.3d at 635-36 (dismissing Shell's declaratory relief claim brought under the APA because Shell had no rights or obligations under the APA, and therefore had no "adverse legal interests" with environmental groups under the APA); *see also Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 485 (2014) (affirming the dismissal of a declaratory relief claim against the attorneys who sent a demand letter under the CLRA because the attorneys were not "consumers" asserting a claim under the CLRA and, therefore, there was "no actual controversy between plaintiff and the law firm defendants").

## V.   CONCLUSION

For the foregoing reasons, the Law Firm Defendants respectfully request that the Declaratory Relief Claim against them be dismissed for lack of subject matter jurisdiction, with prejudice.

Dated:  March 29, 2016            **VALLE MAKOFF LLP**


By:   */s/Jeffrey Valle*
        JEFFREY B. VALLE

Attorneys for Defendants Carlson Lynch Sweet and Kilpela LLP and Kamberlaw, LLC

# PROOF OF SERVICE

I declare that I am over the age of eighteen years and that I am not a party to this action. I am an employee of Valle Makoff LLP, and my business address is 11911 San Vicente Blvd., Suite 324, Los Angeles, California 90049.

On the date set forth below, I served the following document(s) described as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARLSON LYNCH SWEET AND KILPELA LLP AND KAMBERLAW, LLC'S MOTION TO DISMISS THE DECLARATORY RELIEF CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. CIV. PROC. RULE 12(b)(1)**

on the interested parties in this action as follows:

**Attorneys for Plaintiff**
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
BRAD LEIMKUHLER
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

**Email:** MChilleen@sheppardmullin.com,
GHurley@sheppardmullin.com,
bleimkuhler@sheppardmullin.com,
lhall@sheppardmullin.com,
cstrand@sheppardmullin.com

☒ **BY MAIL:** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

☒ **BY ELECTRONIC TRANSMISSION:** Per the Court's "Electronic Filing and Service Standing Order," I caused the documents to be sent to the persons at the email addresses listed with the Court in this matter.

☒ *(FEDERAL)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 29, 2016, at Los Angeles, California.

*/s/Denisse Aguilar*
DENISSE AGUILAR