**VALLE MAKOFF LLP**
JEFFREY B. VALLE (State Bar No. 110060)
  jvalle@vallemakoff.com
JENNIFER LASER (State Bar No. 192700)
  jlaser@vallemakoff.com
11911 San Vicente Blvd., Suite 324
Los Angeles, California 90049
Telephone: (310) 476-0300
Facsimile:  (310) 476-0333

Attorneys for Defendants
Carlson Lynch Sweet and Kilpela LLP and Kamberlaw, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARBOR FREIGHT TOOLS USA, INC.<br><br>Plaintiff,<br><br>v.<br><br>CARLSON LYNCH SWEET and KILPELA LLP; KAMBERLAW, LLC; BENJAMIN J. SWEET; R. BRUCE CARLSON; and SCOTT A. KAMBER<br><br>Defendants. | Case No. 16-cv-1438-MRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARLSON LYNCH SWEET AND KILPELA LLP AND KAMBERLAW, LLC'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16)**<br><br>[Motion under Section 425.16, and Declarations of Bruce Carlson Esq., Jeffrey B. Valle, Esq. and Jennifer Laser, Esq. in Support of this Motion are Filed Concurrently Herewith]<br><br>Hearing Date:   May 4, 2016<br>Time:                9:30 a.m.<br>Courtroom:      550<br><br>Complaint Filed:  March 1, 2016 |

## I. INTRODUCTION

California SLAPP ("Strategic Lawsuits Against Public Participation") statute was enacted to provide for the early dismissal of meritless lawsuits "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." CAL. CIV. PROC. CODE § 425.16(a); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 63 F.Supp. 2d 1127, 1128 (N.D. Cal. 1999). This is a classic SLAPP suit, as Plaintiff Harbor Freight Tools USA ("Harbor Freight") is suing two law firms (the "Law Firm Defendants"), and several individual attorneys from those firms, in retaliation for having exercised the constitutional right of petition on behalf of their disabled clients by sending a demand letter, alleging violations of Americans with Disabilities Act ("ADA") by Harbor Freight and threatening to file a legal action if these ADA violations are not remediated (the "Demand Letter"). Indeed, the Law Firm Defendants subsequently filed the ADA action against Harbor Freight on behalf of their disabled clients. (*Michelle Sipe et al. v. Harbor Freight Tools USA, Inc.,* Case No. 2:05-mc-02025). Plaintiff's retaliatory lawsuit (filed by Greg Hurley of Sheppard Mullin) is frivolous and shameful – a transparent attempt to intimidate attorneys from vigorously representing their clients.

The protections of the SLAPP statute apply to state law claims brought in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 971-73 (9th Cir. 1999). The second cause of action in the Complaint alleges violations of California Unfair Business Practices Act (the "UCL"), and, therefore, this claim can be appropriately attacked under the SLAPP statute. (Complaint at ¶¶ 28-35).[1]

The state law claim is subject to the SLAPP statute if the defendant's conduct challenged in this claim "aris[es] from any act of that person in furtherance of the person's right of petition or free speech." CAL. CIV. PROC. CODE § 425.16(b)(1). There can be no question that the UCL

---

[1] The first claim is a wholly improper claim for declaratory relief, and the Law Firm Defendants have concurrently filed a motion to dismiss this claim for lack of subject matter jurisdiction: There is no justiciable controversy under the ADA between Harbor Freight and *the attorneys* representing disabled persons.

claim in the Complaint is subject to the SLAPP statute because it is predicated on the Law Firm Defendants' sending of the Demand Letter on behalf of their disabled clients seeking to exercise their legal rights under the ADA. (Complaint ¶¶ 28-30). It is well settled that sending a Demand Letter "in anticipation of litigation [is] an exercise of [] constitutional right to petition to seek redress of grievances protected by the anti-SLAPP statute." *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 911 (2004).

Because the UCL cause of action is subject to the SLAPP statute, Harbor Freight bears the burden of establishing a "probability that [it] will prevail" on this claim. CAL. CIV. PROC. CODE § 425.16(b)(1). Harbor Freight cannot carry that heavy burden because, under well-established California law, the Law Firm Defendants' Demand Letter sent to Harbor Freight in anticipation of a litigation is "absolutely privileged" under the litigation privilege codified in California Civil Code Section 47(b). *Blanchard*, 123 Cal. App. 4th at 919.

Because the Demand Letter at issue in this case was sent to Harbor Freight in anticipation of litigation and is "absolutely privileged" under California law, Harbor Freight has zero probability of prevailing on this claim and the Court should strike this claim under California Code of Civil Procedure Section 425.16.

## II. FACTUAL BACKGROUND

The defendants are Bruce Carlson, Benjamin J. Sweet and the law firm Carlson Lynch Sweet and Kilpela LLP, and Scott A. Kamber and the law firm Kamberlaw LLC. (Complaint at 1-2). On November 10, 2015, the Law Firm Defendants and their individual attorneys sent the Demand Letter to Harbor Freight alleging that Harbor Freight's website did not comply with the general accessibility mandate of the ADA, requesting remedial action and proposing an out-of-court resolution to the accessibility claims described in the Demand Letter. (Complaint ¶ 10 and Exhibit 1 (Demand Letter); Declaration of Bruce Carlson ["Carlson Decl."] ¶ 3).

In response to the Demand Letter, Harbor Freight filed this meritless action against the Law Firm Defendants and their individual attorneys, which contains a cause of action for Declaratory Relief under the ADA (even though the attorneys and Law Firm Defendants are not

disabled persons and have not asserted any ADA claims against Harbor Freight) and a state law claim under the UCLA for sending an allegedly misleading Demand Letter. Lest there be any doubt about the nature of this strategic lawsuit against public participation by the disabled, counsel for Harbor Freight (Greg Hurley of Sheppard Mullin) forwarded a copy of the Complaint to one of the defendant attorneys stating: "Before we proceed with prosecuting this action I wanted to see if you were interested in a settlement of the claims stated on your [demand] letter to Harbor." (Carlson Decl. ¶ 4). In order words, Mr. Hurley offered to dismiss this meritless action against the defendants in exchange for a settlement of their clients' ADA claims against Harbor Freight, presumably on terms favorable to Harbor Freight. (*Id.*)

The defendants did not respond to Mr. Hurley's inappropriate offer. (*Id.* ¶ 5).

On March 16, 2015, their clients – two blind individuals and a human rights organization called Access Now that advocates on behalf of the blind – filed an ADA action against Harbor Freight, alleging the accessibility violations previously described in the Demand Letter. (*Michelle Sipe et al. v. Harbor Freight Tools USA, Inc.*, Case No. 2:05-mc-02025; Carlson Decl. ¶ 6 & Exhibit A).

On Tuesday, March 22, Jeffrey Valle, counsel for the Law Firm Defendants, sent a meet and confer letter to Greg Hurley, opposing counsel, seeking to meet and confer about this Motion and also the separate motion to dismiss the Law Firm Defendants intended to file. Attached to the letter was a draft of the legal brief in support of each motion, that included the arguments and legal authorities in support of the motions. Mr. Hurley responded by email that day, claiming, inexplicably, that the letter did not cite any legal authority. Mr. Valle emailed Mr. Hurley back within ten minutes, explaining that the letter the two draft motions with substantial authority and explaining that he would call Mr. Hurley in the morning to discuss. Mr. Valle left a message for Mr. Hurley the next morning, which he did not return. Mr. Valle left another message the following day and again Mr. Hurley did not return the message and has not, as of the filing of this motion, responded to the Law Firm Defendants' efforts to meet and confer. (Valle Decl. ¶¶ 2-4 & Exhibits A and B).

III. **ALL OF HARBOR FREIGHT'S CLAIMS IN THIS ACTION ARE LEGALLY INVALID**

The Complaint in this action is remarkable in one important respect: all of its claims and requests for relief are invalid, as a matter of law. Concurrent with this Special Motion to Strike, the Law Firm Defendants are filing a Motion to Dismiss for Lack of Subject Matter Jurisdiction, seeking the dismissal of the first cause of action for Declaratory Relief because there is no justiciable controversy between the Law Firm Defendants and Harbor Freight under the ADA. *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635-36 (9th Cir. 2014); FED. CIV. PROC. RULE 12(b)(1). With this Motion, the Law Firms are seeking to strike the second cause of action under UCL because this claim is absolutely barred by the litigation privilege. *Blanchard*, 123 Cal. App. 4th at 919.

In addition to these two legally invalid causes of action, the Complaint also contains three invalid requests for relief: compensatory damages, punitive damages and attorney's fees. Neither the Declaratory Relief claim nor the California UCL claim allow for an award of compensatory damages or punitive damages. Thus, Harbor Freight's request for these forms of damages is invalid on its face. Harbor Freight's statement that $25 million is at issue, set forth on the Civil Cover Sheet, is also wholly without basis and frankly wholly inexplicable. Equally invalid is its request for an award of attorney's fees "as a private attorney general pursuant to California Code of Civil Procedure section 1021.5" since Harbor Freight is only seeking to adjudicate its own obligations to comply with the ADA with respect to its own corporate website. However, to avoid burdening the Court with multiple motions and given that the Court granting of the Law Firm Defendants' Motion to Dismiss the Declaratory Relief claim and their Anti-SLAPP Motion directed at the UCL claim would automatically eliminate Harbor Freights' invalid requests for relief, the Law Firm Defendants will not be filing a separate motion to strike Harbor Freight's invalid requests for compensatory damages, punitive damages and attorney's fees.

## IV. THE SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA UCL ARISES FROM THE CONSTITUTIONAL RIGHT OF PETITION, IS ABSOLUTLY PRIVILEGED, AND, THERFORE, MUST BE STRIKEN

"A SLAPP lawsuit is generally defined as a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights," and is "brought, not to vindicate a legal right, but rather to interfere with the defendant's ability to pursue his or her interests." *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1414 (2001). One of the purposes of the statute is to eliminate meritless litigation at an early stage through an expeditious and economical process. *Bradbury v. Superior Court*, 49 Cal. App. 4th 1108, 1113 (1996). The SLAPP statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

CAL. CIV. PROC. CODE § 425.16(b)(1).

Thus, the SLAPP statute sets up a two-step process. In the first step, the defendant has the burden of making "a threshold showing that the challenged cause of action is one arising from protected activity." *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002); *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 278 (2006). If the defendant satisfies this initial showing, the burden then shifts to the plaintiff to show that it has "a probability of prevailing on the claim." *Equilon Enters., Inc. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002); *Barrett v. Rosenthal*, 40 Cal. 4th 33, 65 (2006). "In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." CAL. CIV. PROC CODE § 425.16(b)(2). If the plaintiff fails in this showing, the challenged claim must be dismissed with prejudice, and the "prevailing defendant . . . shall be entitled to recover his or her attorney's fees and costs." *Id.* § 425.16(c).

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16

A. **The Second Cause of Action for Violation of the California UCL is Subject to the SLAPP Statute**

A cause of action is subject to the SLAPP statute if the defendant's conduct challenged in the cause of action "aris[es] from any act of that person in furtherance of the person's right of petition or free speech." CAL. CIV. PROC. CODE § 425.16(b)(1). In other words, "'the act which forms the basis for the plaintiff's cause of action must have been an act in furtherance of the right of petition or free speech.'" *State Farm General Ins. Co. v. Majorino*, 99 Cal. App. 4th 974, 977 (2002) (quoting *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1001 (2001)). The SLAPP statute specifically provides that an

> act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

CAL. CIV. PROC. CODE § 425.16(e).

Thus, to satisfy his initial showing, the defendant need only show "that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." *Navellier*, 29 Cal. 4th at 88. Even though the defendant "need not show that the plaintiff brought the action with the subjective intent of chilling the defendant's exercise of constitutionally protected speech or petitioning activity" (*Equilon Enters.*, 29 Cal. 4th at 58), the letter from Harbor Freight's counsel offering the defendants the dismissal of this SLAPP action in exchange

for the settlement of the ADA claims alleged in the Demand Letter made Harbor Freight's subjective intent quite clear. (Carlson Decl. ¶ 4).

It is beyond dispute that Harbor Freight's UCL cause of action is subject to the SLAPP statute. This cause of action is predicated on the Law Firm Defendants' Demand Letter to Harbor Freight on behalf of visually impaired clients alleging violations of the ADA and threating a legal action, which was subsequently filed. California law is clear that where the "lawsuit is premised on [defendant's] demand letter, sent in advance of, or to avoid, litigation to vindicate [legal] rights," plaintiff "cannot successfully argue that their complaint does not arise from [defendant's] constitutionally protected right to petition for redress of grievances." *Blanchard*, 123 Cal. App. 4th at 918; *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999) ("communications preparatory to or in anticipation of the bringing of an action or other official proceeding are protected by section 425.16"); *Marlin v. Singer*, 217 Cal. App. 4th 1283, 1293 (2013) ("a demand letter that was written by an attorney on behalf of his client in anticipation of litigation is a legitimate speech or petition activity that is protected under section 425.16").

Because the UCL cause of action is predicated on the Demand Letter, which constitutes a lawful exercise of their clients' constitutional right of petition, the Law Firm Defendants have satisfied their initial burden of demonstrating that the UCL cause of action alleged in the Complaint are unquestionably subject to the SLAPP statute.

### B. Harbor Freight Cannot Demonstrate a Probability of Prevailing on its UCL Claim Because that Claim is Barred by the Litigation Privilege

Having demonstrated that the UCL cause of action is covered under the SLAPP statute, the burden now shifts to Harbor Freight to establish that there is "a probability that the plaintiff will prevail on the claim." CAL. CIV. PROC. CODE § 425.16(b)(1). Here, Harbor Freight has *no probability* of carrying this burden because its UCL claim is barred by the litigation privilege under Civil Code Section 47(b).

As California courts have consistently held, a "plaintiff cannot establish a probability of prevailing if the litigation privilege precludes the defendant's liability on the claim." *Marlin*, 217 Cal. App. 4th at 1300; *Digerati Holdings, LLC v. Young Money Entertainment, LLC,* 194 Cal.App.4th 873, 888 (2011). California courts have also consistently held that so long as a demand letter "relate[s] to litigation that is contemplated in good faith and under serious consideration," that demand letter is protected under the litigation privilege. *Marlin*, 217 Cal. App. 4th at 1301; *see also Blanchard*, 123 Cal. App. 4th at 921-22. It is legally irrelevant that a demand letter was arguably "misleading" or was sent to "obtain money from Plaintiff," as the Complaint alleges. (Complaint ¶¶ 29 & 30). "The breadth of the litigation privilege cannot be understated." *Finton Construction, Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 212 (2015) "[C]ommunications made in connection with litigation do not necessarily fall outside the privilege merely because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal assuming they are logically related to litigation." *Blanchard*, 123 Cal. App. 4th at 921. "Nor may plaintiffs avoid the litigation privilege by arguing that the statements were published to coerce a settlement." *Id.* So long as there is a "logical relation between [the] demand letters and the lawsuit[]," "the demand letters are absolutely privileged under Civil Code Section 47, subdivision (b)." *Id.* For these reasons, time and time again, California court have granted anti-SLAPP motions brought by attorneys seeking to strike claims arising from their representations of clients in litigation or pre-litigation setting. *See, e.g., Finton Construction,* 238 Cal. App. 4th at 212 (affirming the grant of attorney's anti-SLAPP special motion to strike the claims arising from attorneys' representation of clients in a litigation matter); *Marlin*, 217 Cal. App. 4th at 1301 (holding that claims against the attorney arising from his sending of the pre-litigation demand letter were protected by the litigation privilege and should be stricken under Section 425.16); *Kashian v. Harriman,* 98 Cal. App. 4th 892, (2002) (affirming the grant of attorney's anti-SLAPP motion where the UCL and other claims against the attorney arose from his litigation activities).

Here, it is beyond dispute that the Demand Letter alleging violations of the ADA, on which the UCL claim is based, was sent to Harbor Freight on November 10, 2015 in anticipation

of the "litigation that was contemplated in good faith and under serious consideration." Indeed, the Law Firms filed that litigation on behalf of their blind clients merely four months later. (*Michelle Sipe et al. v. Harbor Freight Tools USA, Inc.,* Case No. 2:05-mc-02025 (filed March 16, 2015); Carlson Decl. ¶¶ 3, 6 & Exhibit A). Irrespective of Harbor Freight's apparent disagreement with the merits of the ADA claims alleged in that action, the pre-litigation demand letter sent by the Law Firm Defendants is absolutely privileged under Civil Code Section 47(b), and Harbor Freight has no chance of prevailing on that claim. Accordingly, the Court should strike the UCL claim under Section 425.16(b).

## V. THE LAW FIRM DEFENDANTS ARE ENTITLED TO AN AWARD OF THEIR ATTORNEY'S FEES AND COSTS

A "prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." CAL. CIV. PROC. CODE § 425.16(c) (emphasis added). As California courts have made clear, the award of attorney's fees and costs to the prevailing defendant under Section 425.16 is "mandatory." *Marlin*, 217 Cal. App. 4th at 1304.

The Law Firm Defendants' counsel has so far expended over 25 hours preparing this Motion and the supporting documentation, at a cost of $14,825. (Declaration of Jennifer Laser ¶2-4; Declaration of Jeffrey Valle ¶5). In addition, the paralegal of Law Firm Defendants' counsel has spent approximately 6 hours assisting with the preparation of this Motion and the supporting documentation and with filing it with the Court, at a cost of $750, for a total cost to date of $15,575. (*Id.*). The Law Firm Defendants will supplement the accounting of their expenses when they file their reply memorandum.

## VI. CONCLUSION

For the foregoing reasons, the Law Firm Defendants respectfully requests that the Court grant their Special Motion to Strike the second cause of action in the Complaint under California UCL and issue an award of attorney's fees and costs.

Dated: March 29, 2016            **VALLE MAKOFF LLP**

By: _/s/Jeffrey Valle_
    JEFFREY B. VALLE

Attorneys for Defendants Carlson Lynch Sweet and Kilpela LLP and , Kamberlaw LLC

# PROOF OF SERVICE

I declare that I am over the age of eighteen years and that I am not a party to this action. I am an employee of Valle Makoff LLP, and my business address is 11911 San Vicente Blvd., Suite 324, Los Angeles, California 90049.

On the date set forth below, I served the following document(s) described as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARLSON LYNCH SWEET AND KILPELA LLP AND KAMBERLAW, LLC'S SPECIAL MOTION TO STRIKE (ANTI-SLAPP MOTION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16)**

on the interested parties in this action as follows:

**Attorneys for Plaintiff**
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
BRAD LEIMKUHLER
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

**Email:** MChilleen@sheppardmullin.com,
GHurley@sheppardmullin.com,
bleimkuhler@sheppardmullin.com,
lhall@sheppardmullin.com,
cstrand@sheppardmullin.com

☒ **BY MAIL:** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

☒ **BY ELECTRONIC TRANSMISSION:** Per the Court's "Electronic Filing and Service Standing Order," I caused the documents to be sent to the persons at the email addresses listed with the Court in this matter.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 29, 2016, at Los Angeles, California.

*/s/Denisse Aguilar*
DENISSE AGUILAR