JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARBOR FREIGHT TOOLS USA<br><br>Plaintiff,<br><br>v.<br><br>CARLSON LYNCH SWEET AND KILPELA LLP, et al.,<br><br>Defendants. | Case No. CV-16-01438-AB (SSx)<br><br>ORDER **GRANTING** MOTION TO DISMISS AND **DISMISSING** CASE |

Before the Court are a Motion to Dismiss Declaratory Relief Claim for Lack of Jurisdiction (Dkt. No. 14) and a Special Motion to Strike (Dkt. No. 17) filed by Defendant Carlson Lynch Sweet and Kilpela LLP, and Kamberlaw LLC ("Law Firm Defendants") on March 29, 2016. Defendant Benjamin Sweet and R. Bruce Carlson filed Joinders in the Motions. (Dkt. Nos. 32, 33.) Plaintiff Harbor Freight Tools USA ("Plaintiff") filed oppositions and the Law Firm Defendants filed replies. The Court previously took the motion under submission (Dkt. No. 43.) For the following reasons, the Court **GRANTS** the motion to dismiss. The Court also finds that it lacks

1.

subject matter jurisdiction over the remaining claim, which arises under state law. As such, the court will not reach the motion to strike but instead will dismiss the entire action for lack of subject matter jurisdiction.

## I. PLAINTIFF'S COMPLAINT

Plaintiff owns and operates the website www.HarborFreight.com. Compl. ¶ 9. Defendants are two law firms and three attorneys employed by those firms.

In November 2015, Defendants sent Plaintiff a demand letter claiming that they represented disabled clients who were unable to access Plaintiff's website and asserting that the lack of access violated the Americans with Disabilities Act ("ADA"). *Id.* ¶ 10. The demand letter didn't identify the clients by name, or state what their disabilities were or when they attempted to access Plaintiff's website. *Id.* ¶ 11.

The letter threatened Plaintiff with a lawsuit unless Plaintiff entered into a Settlement Agreement, which was attached to the letter, wherein Plaintiff agreed to pay Defendants an attorneys' fee, to modify its website, and subject all future website modifications to Defendants' approval. *Id.* ¶ 12. However, the demand letter did not specify what portions of Plaintiff's multilayered website violated the ADA. *Id.* ¶ 14. Plaintiff states that Defendants have sent identical letters to other retailers. *Id.* ¶ 15. Plaintiff asked Defendants to disclose the identity of their clients and to specify the accommodations each requires and the transactions they were not able to complete, but Defendants have refused to do so. *Id.* ¶¶ 16, 17.

Plaintiff alleges that the Ninth Circuit has not determined under what circumstances a private entity's website must comply with the ADA and there are no legally-binding technical standards governing website accessibility. *Id.* ¶¶ 18, 19.

Plaintiff alleges that Defendants did not in fact represent any clients when it sent the demand letter, and that therefore the demand letter was fraudulent, and its sole purpose was to "improperly obtain[] financial gain from [Plaintiff] under the guise of pursuing a legal remedy on behalf of an actual client." *Id.* ¶ 22.

Based on the foregoing, Plaintiff asserts one cause of action for declaratory relief that its website doesn't violate the ADA, and a second cause of action for unfair business practices under Cal. Bus. & Profs. Code § 17200.

Defendants now move to dismiss the ADA claim for lack of subject matter jurisdiction, and to strike the § 17200 claim under Cal. Code Civ. P. § 425.16.

The Court notes for the record that on March 16, 2016, after this case was filed, Defendants filed in the Western District of Pennsylvania an ADA action on behalf of clients Michelle Sipe, et al., against Plaintiff, alleging that Plaintiff's website violates that ADA's accessibility requirements. *See* Carlson Decl. (Dkt. No. 21), Exh. A (Complaint in *Michelle Sipe et al. v. Harbor Freight Tools USA, Inc.*, Case No. 2:05-mc-02025) (the "concurrent action").

## II. DISCUSSION

### A. The Court GRANTS the Motion to Dismiss the Declaratory Relief Claim.

Defendants move to dismiss the ADA declaratory relief claim for lack of subject matter jurisdiction because there is no actual case or controversy between Plaintiff and Defendants. The Court agrees.

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Although the act expands the remedies available in federal court, it does not create new substantive rights or expand the jurisdiction of federal courts. *See Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). Thus, a declaratory relief action is available only to resolve "controversies which are such in the constitutional sense." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

and reality to warrant the issuance of a declaratory judgment.' " *Shell*, 771 F.3d at 635 (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). To determine whether the parties have "adverse legal interests," the Court must "examine both the persons who can assert rights under that law and those who have obligations under it." *Shell*, 771 F.3d at 636.

In its declaratory relief claim, Plaintiff seeks a determination that its website doesn't violate the ADA. Arguably, this is the *kind* of preemptive claim contemplated by the declaratory judgment act. *See Shell*, 771 F.3d at 635 ("Congress created this remedy, in part, to allow potential defendants to file preemptive litigation to determine whether they have any legal obligations to their potential adversaries.").

However, the claim cannot lie against these Defendants because the ADA gives these Defendants no rights or interests. Under the ADA, only a disabled person who is a member of the protected class (or an association whose members belong to the protected class) can bring a claim. *See, e.g., Goddard v. Harkins Amusement Enters, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) ("To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA . . ."). Here, there is no allegation that these Defendants are disabled within the meaning of the ADA, so Defendants could not bring an ADA claim against Plaintiff on their own behalf. It therefore follows that Plaintiff cannot bring a preemptive declaratory relief acclaim against Defendant. Indeed, Plaintiff's claim is premised on Defendants' *representation* of disabled persons in a lawsuit, but this does not establish that Defendants themselves have a legally cognizable interest in the outcome of the claim. But, Plaintiff has not presented either authority or persuasive reasoning to establish that attorneys can themselves be deemed an adverse party by virtue of their representation of a client. Plaintiff's statement that it "needs guidance from the Court" (Opp'n 10:5-8) and "asks the Court . . . to assist in determination the scope of [its] obligation to preserve records" (*Id.* 12:8-9) is tantamount to admitting that it seeks an advisory opinion – something the court lacks jurisdiction to provide.

That Defendants' demand letter reminded Plaintiff of its obligation to preserve records, and that Plaintiff finds it difficult to determine which records it needs to preserve, it not sufficient to create an "adverse interest" between the parties. Such disputes can arise in any case, involving any area of the law.

In sum, Defendants and Plaintiff are not "adverse parties" and there can be no constitutionally-sufficient controversy between them. The declaratory relief claim is therefore **DISMISSED** for lack of subject matter jurisdiction.

### B. Plaintiff's Section 17200 Claim is DISMISSED for Lack of Subject Matter Jurisdiction.

The court's jurisdiction over this action is premised on federal question jurisdiction triggered by the ADA claim. *See* Compl. ¶ 7. Because Plaintiff's ADA claim will be dismissed, the court must consider whether it has an independent basis for jurisdiction over Plaintiff's remaining claim, for unfair business practices in violation of Cal. Bus. & Profs. Code § 17200. Plaintiff argues that this state law claim independently triggers federal question jurisdiction.

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised [and], (2) actually disputed [in the state law claim], (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065, (2013).

The Court assumes that Plaintiff's § 17200 claim satisfies the first factors: that it (1) necessarily raises (2) an actually disputed issue of federal law, specifically, whether Plaintiff's website is subject to the ADA's accessibility requirements. However, this claim does not satisfy the third element because the federal issue is not "substantial" in a jurisdictionally-relevant sense. To satisfy this element, the issue must be relevant to more than the parties in a particular case; rather the "substantiality inquiry [] looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066.

Under this framework, a state law quiet title claim against a third party who

1    purchased property after the federal government seized it to satisfy the plaintiff's tax
2    delinquency was sufficient to trigger federal jurisdiction because it implicated the
3    Government's ability to seize and sell property to recover delinquent taxes – "an
4    important issue of federal law that sensibly belong[ed] in federal court." *Grable &*
5    *Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 315 (2005).
6    Similarly, a state law claim that a defendant bank could not purchase certain bonds
7    issued by the Government because the Government issued them unconstitutionally
8    arose under federal law because the claim raised "the constitutional validity of an act
9    of Congress." *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 201 (1921). By
10   contrast, a legal malpractice claim that turned on a lawyer's failure to raise a timely
11   experimental-use argument in a patent infringement case was not substantial enough
12   to generate a federal question because the issue was raised hypothetically – would the
13   omitted argument have led to a different result in the underlying patent case? – and
14   allowing state courts to resolve that question would not undermine the development of
15   uniform body of patent law. *Gunn*, 133 S. Ct. at 1066-67.
16          The issue raised here – whether the ADA applies to the websites of private
17   enterprises – is not purely hypothetical like the patent issue in *Gunn* was. However,
18   the resolution of this issue in state court would have no precedential value and would
19   not impact the "federal system as a whole."    Also, the manner in which Plaintiff pled
20   this claim reveals that its gravamen is more about fraud than about the ADA: Plaintiff
21   pleads that by invoking a legal standard that does not exist, Defendants' demand letter
22   constituted actual or constructive fraud under California law, and Defendants' failure
23   to identify their clients demonstrates the fraudulence of their conduct. Comp. ¶¶ 29,
24   30. Significantly, a court can determine the legal standard (the federal issue) in
25   Plaintiff's favor yet still conclude that Defendants' conduct was not fraudulent.
26          Furthermore, this issue is now being litigated in federal court in the concurrent
27   case Defendants filed in Pennsylvania. Thus, a federal court is already addressing this
28   issue, with respect to Plaintiff, squarely in the context of an ADA accessibility claim,

not, as Plaintiff here seeks, indirectly through a § 17200 claim. There is no doubt that California state courts are well-equipped to handle this issue: they are familiar with California's parallel accessibility statutes, and unlike patent law over which the federal courts have exclusive jurisdiction, state courts are free to entertain ADA litigation.

Finally, the Court notes that California has an important interest in applying its anti-SLAPP statute to state law claims, especially given the facial merit of Defendants' anti-SLAPP motion and in light of Plaintiff's contention that federal courts and state courts apply a different standard to such motions. The anti-SLAPP issue thus further detracts from the substantiality of the federal issue.

In sum, the federal issue raised by Plaintiff's § 17200 claim implicates none of the Governmental interests noted in *Grable* and *Smith*, and is not of systemic significance. By contrast, permitting a state court to address this issue in the context of a § 17200 claim and a corresponding anti-SLAPP motion would not disrupt the federal-state balance but instead would appropriately honor it.

For all of these reasons, Plaintiff's § 17200 claim does not raise a federal question. The Court therefore lacks subject matter jurisdiction over this claim, so it is **DISMISSED** without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss Plaintiff's declaratory relief claim. The Court lacks subject matter jurisdiction over the remaining claim, so the Court hereby **DISMISSES** the remainder of this action without prejudice.

**IT IS SO ORDERED.**

Dated: May 10, 2016

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE